SAMUEL B. BROWN, JR., EMPLOYEE, PLAINTIFF, v. J.P. STEVENS & COMPANY, INC., EMPLOYER, AND LIBERTY MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS.

No. 8010IC205

(Filed 7 October 1980)

**Master and Servant § 68– workers' compensation — textile worker — lung disease not caused by employment**

The Industrial Commission's determination that plaintiff textile worker's lung disease was not caused by cotton dust and lint and that plaintiff thus did not suffer from a compensable disease peculiar to those working in cotton mills was supported by medical testimony that "there is not specifically any objective indication that he has any type of pulmonary disease related to his employment" and that "it is possible although unlikely that his occupational exposure could or might have caused [his] substantial respiratory impairment."

APPEAL by plaintiff from order of North Carolina Industrial Commission entered 8 August 1979. Heard in the Court of Appeals 27 August 1980.

Plaintiff filed a claim under the Workers' Compensation Act for an alleged occupational disease resulting from exposure to cotton dust. Hearings were held before Deputy Commissioners in Roanoke Rapids, Raleigh, and Hillsborough. The evidence showed that plaintiff was employed by J.P. Stevens and Company, Inc. for 37 years. In his employment with J.P. Stevens, he was exposed to cotton dust. From 1955 until 1975 he was also exposed to varsol. Plaintiff testified that he was 58 years of age at the time of the hearing, and that he had not had any serious illness before 1955. He also testified he had smoked a pack of cigarettes a day from the time he was approximately 20 years of age until 1975 when he reduced his smoking to approximately four packs of cigarettes per week. Plaintiff had a heart attack in 1971 but returned to work approximately three months later and worked until he had a second heart attack in 1974. After returning to work after the first heart attack, he "noticed [he] was getting short of breath."

Dr. J.W. Boone testified that he had treated plaintiff from 1966 and that, in his opinion, plaintiff's heart problem is the primary reason plaintiff became unable to work. Dr. Boone testified further that "[b]ased upon [his] examination and treatment of Mr. Brown, there is not specifically any objective indication that he has any type of pulmonary disease related to his employment."

Dr. Ted R. Kunstling, a member of the Industrial Commission's Textile Occupational Disease Panel, testified that he examined the plaintiff on 30 September 1977. He testified that from that examination, he found plaintiff had a history of angina pectoris, chronic bronchitis, chronic obstructive pulmonary disease, degenerative arthritis, chronic sinusitis, varicose veins and other medical problems. He testified that he felt plaintiff's "exposure to cotton dust ha[d] been a significant contributing factor to the development of the pulmonary impairment," but there were other factors, as cigarette smoking, which were also significant. On cross-examination, he said that plaintiff's exposure to cotton dust does not give "a history suggesting the diagnosis of byssinosis" because plaintiff's "shortness of breath began more in relationship to exertion rather than to the dust exposure pattern ... ."

Dr. Mario C. Battigelli testified that, in his opinion, "the work history that [he] obtained from Mr. Brown and the development of symptoms was not consistent with the diagnosis of byssinosis." He also testified: "[M]y opinion satisfactory to myself to a reasonable degree of medical certainty is that it is possible although unlikely that his occupational exposure could or might have caused the substantial respiratory impairment which I have diagnosed in my report." He found it significant that plaintiff's breathing problems increased after the first and second heart attack. He stated that it "would signify that the heart attack must have had a direct bearing on the deterioration of his respiratory function."

On 29 November 1978, the Hearing Commissioner rendered a decision. Among the findings of fact were the following:

"9. Plaintiff has fullous emphysema, possibly caused by smoking but not caused by cotton dust and lint.

10. Plaintiff does not have byssinosis.

11. Plaintiff is totally disabled. The primary cause of this is plaintiff's heart condition. Some small part of the disability is due to his pulmonary condition. Plaintiff could not return to any work in the cotton mill because of his pulmonary condition — the cotton dust and lint and the varsol would aggravate his pulmonary condition."

The Hearing Commissioner made a conclusion of law that the plaintiff "does not suffer from a disease peculiar to those working in cotton mills and his claim is therefore not compensable." Coverage was denied. The Full Commission affirmed the decision of the Hearing Commissioner.

*Hassell and Hudson, by Charles R. Hassell, Jr. and Robin E. Hudson, for plaintiff appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell and Jernigan, by C. Ernest Simons, Jr., for defendant appellees.*

WEBB, Judge.

The plaintiff, on this appeal, does not contend the evidence shows he has byssinosis. He contends that the whole record does show that he had a pulmonary disease which was due to causes and conditions which are peculiar to his employment at J.P. Stevens and the disease is not an ordinary disease of life to which the general public is exposed outside of the plaintiff's employment. For this reason, the defendant contends his disease is covered by G.S. 97-53(13). *See Booker v. Medical Center,* 297 N.C. 458, 256 S.E. 2d 189 (1979).

The Hearing Commissioner made a finding of fact that the plaintiff's lung disease was not caused by cotton dust and lint. The Hearing Commissioner concluded that he did "not suffer from a disease peculiar to those working in cotton mills . . . ." This finding and conclusion were affirmed by the Full Commission. The finding of fact is sufficient to support the conclusion of law that the plaintiff's disease is not compensable. If the finding of fact is supported by the evidence, the decision of the Full Commission must be affirmed. *See Moore v. Stevens, Inc.,* 47 N.C. App. 744, 269 S.E. 2d 159 (1980). We hold that the testimony of Dr. Boone that "there is not specifically any objective indication that he has any type of pulmonary disease related to his employment" and the testimony of Dr. Battigelli "that it is possible although unlikely that his occupational ex-

posure could or might have caused the substantial respiratory impairment" is evidence which supports the finding of fact. There was evidence from which the Hearing Commissioner could have found otherwise but since the evidence supports the finding of fact, we are bound by it.

The appellant contends the Hearing Commissioner did not apply the standard of compensability required by G.S. 97-53(13) as interpreted by *Booker v. Medical Center, supra.* He contends that North Carolina has adopted the increased risk approach to compensability and cotton mill workers have an increased risk of developing lung diseases. He contends that all the evidence shows the plaintiff's condition became more serious during his exposure to cotton dust. The Hearing Commissioner found as a fact that "[p]laintiff could not return to any work in the cotton mill" because exposure to cotton dust and varsol would aggravate his condition. The plaintiff argues that aggravation is synonymous with causation under the proper interpretation of G.S. 97-53(13). As we read *Booker,* in order for an occupational disease which develops over a long period of time to be compensable under G.S. 97-53(13), it must be proved that it was caused by the plaintiff's employment. In the case sub judice, there was competent evidence that plaintiff's disease was not caused by his employment and the Hearing Commissioner so found.

Affirmed.

Judges VAUGHN and MARTIN (Robert M.) concur.